UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Luxottica Group S.P.A. et al, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendants*. | **CASE NO.** 22-cv-01306 <br><br> **Judge:** Virginia M. Kendall <br><br> **Magistrate Judge:** Sunil R. Harjani |

## MOTION TO DISSOLVE PRELIMINARY INJUNCTION

Defendant, andongnywell("Defendant"), through its counsel, file this Motion to Dissolve Plaintiffs' Motion for Preliminary Injunction.

## PROCEDURE HISTORY

On March 11, 2022, Plaintiffs Luxottica Group Sp.A., Oakley, Inc., and Costa Del Mar, Inc. (collectively, "Plaintiffs") filed a complaint against Defendant for trademark infringement.

On March 15, 2022, Plaintiffs filed a Motion for Temporary Restraining Order [Dkt. 13], which was later granted on March 28, 2021. [Dkt. 25]

On April 6, 2022, Plaintiff filed a Motion for TRO Extension [Dkt. No. 27], which was granted on April 7, 2022. [Dkt. No. 30]

On April 13, 2021, Plaintiffs filed a Motion for a Preliminary Injunction asserting that converting the TRO to a Preliminary Injunction is necessary and the relief sought remains appropriate and necessary. [Dkt. No. 32]. The Court granted the Plaintiffs' motion on April 19, 2022. [Dkt. No. 40]

Now Plaintiffs filed their Motion for Default Judgment on June 8, 2022. [Dkt. No. 43].

1

## FACTUAL BACKGROUND

The first available date of the Defendant's alleged infringing product was on January 9, 2020, *See* Ex. A at 7, two years prior to this lawsuit. Defendant only sold 3 orders, 5 pairs, for 57.81 USD(11.4+34.09+12.32). *See* Ex. B. On May 5, 2020, Defendant sold one pair of Sunglasses to a buyer named heidi for 12.32 USD. On May 19, 2020, Defendant sold three pairs of Sunglasses to a buyer named Kendrick (Plaintiffs' Counsel) for 34.09 USD. On May 19, 2020, Defendant sold one pair of Sunglasses to a buyer named Joey for 11.4 USD. Now, the preliminary injunction order restrained approximately $181,244 in Defendant's Amazon account.

Plaintiffs' evidence indicated that Plaintiffs purchased the alleged infringing product on May 19, 2020, Ex. A. at 14, almost two years before they moved for a preliminary injunction against Defendant on April 13, 2022. The Plaintiffs are being unjustly awarded for sitting on their rights for two years

The unjust asset restrain has cost huge damages to Defendant. Defendant is unable to pay his employees' salaries, his suppliers, and his company rent. For the purpose of settling this case amicably, Defendant had multiple negotiations with Plaintiffs. However, with more than 180 thousand dollars restrained, Plaintiffs gain huge leverage against Defendant. The offer that was raised by the Plaintiffs is too high. Parties now have reached an impasse. Thus, Defendant decided to seek judicial assistance and filed this Motion. Defendant hopes that once the Injunction is dissolved, the Plaintiffs may be interested in engaging in a more productive negotiation.

## LEGAL STANDARD

"A motion to dissolve or modify a preliminary injunction is ordinarily subject to the same analysis as the original injunction."*U.S. Commodity Futures Trading Comm'n v. Garofalo*, No. 10 C 2417, 2010 WL 11245430, at *3 (N.D. Ill. Dec. 21, 2010). The court therefore must ask, " Is the irreparable harm to the plaintiff if the injunction is dissolved, weighted by the probability that dissolution would be a mistake because the plaintiff will go on to win at trial, greater or less than the irreparable harm to the defendant if the injunction is not dissolved, weighted by the probability that allowing the injunction to continue in force

would be a mistake because the defendant, not the plaintiff, will win at trial?" *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987)

## **ARGUMENTS**

The Seventh Circuit traditionally has applied a presumption of irreparable harm in false advertising and trademark infringement suits. *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992); *but cf. ebay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-94, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006) (rejecting the presumption of irreparable harm in patent cases); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012) (same, in copyright cases). But the presumption can be rebutted by, among other things, a showing that the plaintiff unreasonably delayed in seeking preliminary injunctive relief. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 903 (7th Cir. 2001) (holding, in a trademark case, that "[d]elay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered"); *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir. 1985) ("Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial ... ."); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441-42 (E.D.N.Y. 2013) (holding that a five-month delay "destroy[ed] a presumption of irreparable harm" in a false advertising case); J. Thomas McCarthy, 6 *McCarthy on Trademarks & Unfair Competition* § 31:32 (5th ed.) ("It has often been held that unreasonable delay in filing suit and/or in moving for a preliminary injunction can contribute to a defeat of a motion for preliminary injunction ... for the reason that delay negates the moving party's ability to show the kind of 'irreparable injury' needed for preliminary relief."); id. at n.1 (collecting cases).

A lengthy, unexplained delay in seeking relief calls into question "how urgent the need for [preliminary] equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011). Plaintiffs' two-year delay in seeking relief on its trademark claim is more than long enough to raise serious doubt regarding the appropriateness of granting the "extraordinary remedy" of a preliminary injunction. *Winter v. NRDC*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249

(2008). Several courts of appeals have affirmed denials (or reversed grants) of preliminary injunctions because of much shorter delays in filing suit. *See, e.g., Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc) (**five-month delay**); *Apple, Inc. v. Samsung Elecs. Co.,* 678 F.3d 1314, 1325-26 (Fed. Cir. 2012) (**several-month delay**); *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (**nine-month delay**); *see also Ixmation, Inc. v. Switch Bulb Co.*, 2014 U.S. Dist. LEXIS 150787, 2014 WL 5420273, at *7-8 (N.D. Ill. Oct. 23, 2014) (**four-and-a-half month delay**); *MB Fin. Bank, N.A. v. MB Real Estate Servs.*, 2003 U.S. Dist. LEXIS 21051, 2003 WL 22765022, at *8 (N.D. Ill. Nov. 21, 2003) **(eight-month delay)**. The longest such delay ever permitted by the Seventh Circuit appears to be **nine months.** *See Vaughan Mfg. Co. v. Brikam Int'l, Inc.*, 814 F.2d 346, 351 (7th Cir. 1987), overruled on other grounds by *Two Pesos, Inc. v. Taco Cabana*, 505 U.S. 763, 766 n.4, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992). A recent survey of federal trademark decisions concluded that "if the delay is greater than 12 months, preliminary injunctive relief is usually denied." McCarthy, supra, § 31:31 (citing Sandra Edelman & Fara S. Sunderji, *Delay in Filing Preliminary Injunction Motion*s: 2015 Edition, 105 Trademark Rep. 1012 (2015)). Moreover, Defendant will raise a laches defense, which, if successful, would have precluded permanent as well as preliminary injunctive relief. *See Citibank*, 756 F.2d at 276 ("Although a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction.").

Plaintiffs' claim of irreparable harm is belied by the facts and, in particular, their own actions and delay. Here, Plaintiff had been aware of the alleged infringing product for almost **TWO YEARS** prior to seeking preliminary injunction against Defendant. The unjustified lengthy delay precisely proves the lack of urgency or irreparable harm. Moreover, Plaintiff offered nothing more than generalized statements. These conclusory statements offer no specific allegations, which fall far short of the necessary showing to warrant preliminary relief. Delay weighs particularly heavily against a moving party where, as here, was

aware of the underlying facts well before seeking relief. Because Plaintiffs failed to show that they will suffer irreparable harm, the injunctive relief must be dissolved.

Here, Defendant suffered harm because its assets and Amazon accounts was frozen. Unless this Court dissolves the Preliminary Injunction, Defendant will be continuously harmed. A preliminary injunction would amount to shutting down Defendant's business, and Defendant will be harmed irreparably.

## ALTERNATIVE REQUEST
**(If preliminary injunction is not dissolved, asset restraint should be modified)**

In *Klipsch*, a court reduced a prejudgment asset restraint from $2 million to $20,000 because a defendant submitted evidence that it had only sold a few thousand dollars worth of counterfeit goods. *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *3 (S.D.N.Y. Oct. 24, 2012). The court held that, under the Supreme Court's ruling in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), asset freezes are limited to preserving the equitable remedy of an accounting for profits. *Klipsch*, 2012 WL 5265727, at *3.

To exempt assets from an asset freeze, "[t]he burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015); see also, *H-D, U.S.A, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 U.S. Dist. LEXIS 187253, *11, 2021 WL 4459472.

In the current case, Defendant attached a screenshot (in English) of the only 3 orders sold to US customers in Exhibit B. Defendant's Exhibit also shows that from July 1, 2019 to June 12, 2022, Defendant has sold over 10k orders. The 3 alleged infringing orders constitute less than

5

0.03% of the entire orders. The $57.81 alleged infringing sales constitute less than 0.03% of the total restrained funds. This obviously disproportionate restrain warrants an exemption of assets from an asset freeze.

So Defendant asks for this Court's leniency to limit the scope of the injunction, especially modifying the amount restrained in Defendant's Amazon account. The Defendant is willing to deposit $5,000 in a Court designated account for the purpose of preserving an award of damages.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion for a Preliminary Injunction. Or, in the alternative, reduce the amount restrained in Defendant's Amazon account.

Respectfully Submitted:

Date: June 13, 2022

/s/ Ruoting Men
Ruoting Men
Glacier Law PLLC
200 East Randolph, Suite 5100
Chicago, IL 60601
Ruoting.men@glacier.law
Tel: +1 (312) 270-0413
Fax: +1 (312)-801-4587

Na Zhang, Esq
GLACIER LAW LLP
506 Second Ave., Ste 1516
Seattle, WA 98104
queena.zhang@glacier.law
206-397-8633

Wei Wang, Esq.
GLACIER LAW LLP
200 Park Avenue, Ste 1703
New York, NY 10166
wei.wang@glacier.law
332-777-7315

***Attorneys for Defendant***

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 13, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: June 13, 2022  /s/ Ruoting Men

Ruoting Men, Esq.